E. BRYAN WILSON
Acting United States Attorney

JOHN FONSTAD
Assistant U.S. Attorney
Federal Building & U.S. Courthouse
222 West Seventh Avenue, #9, Room 253
Anchorage, Alaska 99513-7567
Phone: (907) 271-5071
Fax: (907) 271-2344
Email: John.Fonstad@usdoj.gov

Attorneys for Plaintiff

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br>vs.<br><br>WILLIAM J. LONG,<br><br>    Defendant. | Case No. 3:21-cv-00156-JWS |

**COMPLAINT FOR INJUNCTIVE RELIEF**

COMES NOW Plaintiff, United States of America, on behalf of the Department of Transportation, Federal Aviation Administration (hereinafter "FAA"), by and through undersigned counsel, for its cause of action seeking preliminary and permanent injunctive relief against the Defendant, William J. Long, alleges as follows:

## Introduction

1.  This is a lawsuit for injunctive relief to prevent the Defendant, William J. Long, from flying civil aircraft without appropriate medical and pilot certification.

## Parties and Jurisdiction

2.  Plaintiff is the United States of America, acting on behalf of the Department of Transportation, Federal Aviation Administration (hereinafter "FAA"), which is an executive agency of the United States government.

3.  Defendant William J. Long is a resident of Alaska, with a physical address of 220 W. Gerondale Circle, Wasilla, Alaska 99654.

4.  This action has been authorized and commenced pursuant to the provisions of 49 U.S.C. § 46106 and 14 C.F.R. § 13.25(a).

5.  This Court has subject matter jurisdiction over this action under 49 U.S.C. § 46106 and 28 U.S.C. § 1345.

6.  This Court has personal jurisdiction over the Defendant and venue is proper in this district under 49 U.S.C. § 46106 and 28 U.S.C. § 1391(b) because the Defendant can be found in, resides in, has transacted business in, and/or a substantial part of the events or omissions giving rise to this claim occurred in the District of Alaska.

## The Federal Aviation Administration

7. Federal law provides that the Administrator of the FAA shall promote safe flight for civil aircraft operating in air commerce, 49 U.S.C. § 44701 *et seq*.

8. Under 49 U.S.C. § 44703, the Administrator of the FAA is empowered to issue an Airman Certificate to an individual when the Administrator finds, after investigation, that the individual is qualified for and physically able to perform the duties related to the position to be authorized by the certificate. An individual cannot pilot can aircraft without holding an appropriate Airman Certificate. 49 U.S.C. § 44711(a)(2)(A).

9. Pursuant to 14 C.F.R. § 61.3, an individual needs to hold both a medical certificate and a pilot certificate in order to pilot an aircraft.

10. Pursuant to 14 C.F.R. § 61.89(a), a holder of a student pilot certificate is not allowed to operate an aircraft with passengers.

11. Pursuant to 14 C.F.R. § 61.19(b)(1), an individual cannot exercise the privileges of a student pilot certificate without holding a current and appropriate medical certificate.

12. Pursuant to 14 C.F.R. § 61.2(a)(1), an individual cannot serve as a pilot in command of an aircraft with a pilot certificate that was surrendered, suspended, revoked, or expired.

13. Pursuant to 14 C.F.R. § 61.2(a)(5) and § 61.3(c)(1), an individual cannot serve as a pilot in command of an aircraft without a current and appropriate medical certificate in his physical possession or readily accessible in the aircraft.

14. Pursuant to 14 C.F.R. § 61.53(a), an individual cannot serve as a pilot in command of an aircraft if the individual knows or has reason to know of any medical condition or any treatment for any medical condition that would make the person unable to meet the requirements for the medical certificate necessary for the pilot operation. No person may act as a crewmember while using any drug that affects the person's faculties in any way contrary to safety. 14 C.F.R. § 91.17(a)(3).

15. Pursuant to 14 C.F.R. § 91.13(a), no person may operate an aircraft in a careless or reckless manner so as to endanger the life or property of another.

16. Pursuant to 49 U.S.C. § 46106 and 14 C.F.R. § 13.25(a), FAA is authorized to bring a civil action, including one for injunctive relief, whenever it is determined that a person has engaged, or is about to engage, in any act or practice in violation of FAA regulations.

## Facts

17. Defendant William J. Long held a student pilot license that was

issued on August 1, 2013, and valid through August 31, 2018. His student pilot license is expired, and he has never been issued any airman pilot certificate other than a student pilot certificate. Defendant William J. Long knew or should have known about the effective dates of his student pilot license and the restrictions that are associated with a student pilot license.

18. Defendant William J. Long held a third class medical certificate that was issued on August 1, 2013, and valid through August 31, 2018. His medical certificate is expired, and he has not been the holder of a valid airman medical certificate since August 31, 2018. Defendant William J. Long knew or should have known about the effective dates of his medical certificate.

19. Upon information and belief, Defendant William J. Long has a prescription for Adderall, which is a drug use to treat attention-deficient/hyperactivity disorder ("ADHD"). Upon information and belief, Defendant William J. Long has had a prescription for Adderall, and has regularly taken Adderall, from at least 2007 through the present date.

20. ADHD medication is a prohibited substance, meaning that an individual cannot qualify for a new medical certificate, or continue to operate

under a preexisting medical certificate, while taking the medication.[1] Defendant William J. Long knew or should have known that his use of Adderall disqualified him from being eligible for a medical certificate. Upon information and belief, Defendant William J. Long did not seek a new or renewed medical certificate because, among other reasons, of his prescription for and use of Adderall.

    21.    Defendant William J. Long has violated FAA regulations by piloting passenger flights while holding only a student pilot certificate or no pilot certificate:

        a.    During 2014 through 2019, Defendant William J. Long piloted at least 61 flights, carrying passengers during most of those flights;

        b.    On September 12, 2020, Alaska State Troopers observed a small aircraft flying into a remote hunting camp. At the scene, Alaska State Troopers interviewed Defendant William J. Long, and he admitted that he had piloted the aircraft and that he did not have a pilot license;

        c.    Upon information and belief, Defendant William J. Long has piloted other and additional passenger flights with only a student pilot

---

[1] *See* FAA Guide for Aviation Medical Examiners, Pharmaceuticals (Therapeutic Medications) Do Not Issue – Do Not Fly, *available at* https://www.faa.gov/about/office_org/headquarters_offices/avs/offices/aam/ame/guide/pharm/dni_dnf/.

certificate or no pilot certificate.

22. Defendant William J. Long has violated FAA regulations by conducting flights while holding no current and appropriate pilot certificate or medical certificate. This includes:

    a. On September 12, 2020, Alaska State Troopers observed a small aircraft flying into a remote hunting camp. At the scene, Alaska State Troopers interviewed Defendant William J. Long, and he admitted that he had piloted the aircraft and that he did not have a pilot license;

    b. From September 2018 through September 2019, Defendant William J. Long piloted at least 9 flights, carrying passengers during most of those flights;

    c. Upon information and belief, in May 2021, Defendant William J. Long piloted a flight; and

    d. Upon information and belief, Defendant William J. Long has piloted other and additional flights with no current and appropriate pilot license or medical certificate.

23. Defendant William J. Long has violated FAA regulations by piloting an aircraft at times when he was taking his prescription medicine Adderall. Upon information and belief, all or many of the flights that Defendant William J. Long has piloted from 2007 through the present were

conducted while he had a prescription for, and was taking, Adderall.

24. Defendant William J. Long has violated FAA regulations by piloting an aircraft in a careless or reckless manner so as to endanger the life or property of another. This includes:

    a. Conducting unsafe flight maneuvers by buzzing people or property;

    b. "Water skipping" his aircraft; and

    c. Flying in too close of proximity to an aircraft operated by another individual.

25. FAA has given Defendant William J. Long notice of his violations of FAA regulations, including discussion of his expired student pilot and medical certificates and imposing monetary civil penalties for his violation of FAA regulations. Although Defendant William J. Long has stated his intent that he would not pilot a plane, he has since piloted a plane without holding a current and appropriate pilot license or medical certificate.

## Count I – Injunctive Relief

26. The allegations in the foregoing paragraphs are incorporated by reference and repeated.

27. Because of the facts alleged in the foregoing paragraphs, Defendant William J. Long has piloted aircraft in violation of FAA

regulations and poses a risk of continued violations in the future.

28. FAA is entitled to a preliminary and permanent injunction prohibiting Defendant William J. Long from piloting an aircraft without first having a current and appropriate pilot license and medical certificate.

29. FAA will suffer irreparable injury if Defendant William J. Long is not enjoined from piloting an aircraft without first having a current and appropriate pilot license and medical certificate. Monetary damages and civil penalties cannot adequately compensate for Defendant William J. Long's violations of FAA regulations and the safety risks attendant with those violations.

30. Defendant William J. Long will not be harmed by being compelled to obey the law.

31. The public interest would be advanced by enjoining Defendant William J. Long because his violations of FAA regulations are illegal and pose a risk of harm to air transportation, the public, life, and property.

32. If Defendant William J. Long is not enjoined, he is likely to continue to violate FAA regulations.

## Relief Requested

WHEREFORE, Plaintiff United States of America prays for the following relief:

A. That the Court find that the Defendant William J. Long continually and repeated violated FAA regulations regarding pilot licenses and medical certificates;

B. That the Court, pursuant to 49 U.S.C. § 46106, 14 C.F.R. § 13.25(a), and its equitable authority, issue a preliminary and permanent injunction precluding Defendant William J. Long from piloting an aircraft without first having an active pilot license and medical certificate;

C. That Defendant William J. Long be ordered to pay the costs of maintenance of this action, including attorney's fees; and

D. That the Court grant the United States such other, further, or different relief as the Court deems appropriate or to which the United States might otherwise show itself to be justly entitled.

RESPECTFULLY SUBMITTED this July 2, 2021, in Anchorage, Alaska.

E. BRYAN WILSON
Acting United States Attorney

s/John Fonstad
JOHN FONSTAD
Assistant U.S. Attorney
Attorney for Plaintiff